DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:10 CR 331 |
| Plaintiff, ) | CASE NO. 1:10 CR 46 |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| JAMES O. IRELAND ) | |
| ) | |
| Defendant. ) | |
| ) | |

INTRODUCTION

On January 27, 2010 a federal grand jury in the Northern District of Ohio returned an indictment charging four defendants in five counts (10CR46). James O. Ireland was charged in Count Four with Obstruction of an Official Proceeding, in violation of Title 18, United States Code §1512 (c) (2).

On July 1, 2010 all four defendants were charged in the Southern District of Ohio in a ten count indictment (10CR331) that was transferred to the Northern District of Ohio and consolidated for trial purposes with the charges pending here. In the second indictment Ireland was charged in four counts:

- Count Five, Conspiracy to Obstruct a Criminal Investigation of a Health Care Offense in violation of Title 18, United States Code, §371;

- Count Six, Obstructing a Criminal Investigation of Health Care Offense, in violation of Title 18, United States Code, § 1518 and 2;

(1:10-CR-00331)

- <u>Count Nine</u>, Making a False Statement to a Federal Agent, in violation of Title 18, United States Code, § 1001; and

- <u>Count Ten,</u> Misprision of a Felony, in violation of Title 18, United States Code, § 4.

On January 31, 2013 Defendant James O. Ireland filed a Motion to Dismiss the Indictments for Failure to State Offenses Made Pursuant to Rules 1 and 12 (B)(3)(b), Federal Rules of Criminal Procedure and the Notice Clause of the Sixth Amendment of the United States Constitution or in the Alternative for a Genuine Bill of Particulars. (ECF 54).On February 16, 2013 the government filed an opposition to the motion. (ECF 67). For the reasons set forth herein, Defendant's motions to dismiss and for a Bill of Particulars are DENIED.

**I. Counts Four, Five, Six and Ten Properly Allege the Violations Charged and Adequately Apprise the Defendant of the Charges Against Him**

Defendant argues that Counts Four, Five, Six and Ten "are fatally flawed because they fail to identify the source of Mr. Ireland's knowledge concerning whether a health care fraud crime had been committed." (ECF 54 at 155). Defendant does not cite any statutory or case law authority that requires identification of the defendant's source of knowledge in an indictment for violations of Title 18, United States Code, §§ 1512 (c )(2),1518, 371, 1001 or 4.  As the government demonstrates in detail, the source of the defendant's knowledge is not an element of any of the crimes charged. (ECF 67, at 237-239). Thus, the "omission" of this information does not render the indictments defective.

Neither of the cases relied upon by Defendant provides any support for his position. *Russell v. United States* involved indictments returned under 2 U.S.C. § 192 for defendants' refusal to answer questions "pertinent to the question under inquiry" when summoned before a

(1:10-CR-00331)

Congressional subcommittee. *Russell v. United States,* 82 S. Ct. 1038 (1962) The indictments by the grand jury failed to identify the subject matter under inquiry when the witness was questioned. *Id.* at 1041. The Court held the indictments insufficient since "pertinency to the subject under inquiry was the basic preliminary question which the federal courts were going to have to decide in determining whether a criminal offense had been alleged or proved." *Id*. Since no evaluation of the criminal nature of the refusal to testify could be made without specification of the subject matter, the indictments were insufficient. *Russell* is inapplicable to this case: The Court can readily determine from each of the statutes whether or not the acts undertaken were criminal without further specification.

*United States v. Salisbury*, 983 F. 2d 1369 (6th Cir. 1993), is similarly inapposite. *Salisbury* involved a law the Sixth Circuit found so vague that it failed to provide reasonable and fair notice of the conduct with criminal consequences. There is no suggestion here that any of the statutes involved fails to identify the conduct criminalized.

All of the required elements of each count have been set forth, as well as factual details regarding Defendant's conduct and representations. The indictments make clear the matter revolves around whether Defendant Ireland was paid "hush money" so he would not inform authorities about Defendant Miller's improper health insurance billings, and that he made false statements to authorities. Since there is no flaw in either the underlying statutes or the pleading of the violations, Defendant Ireland's motion to dismiss Counts Four, Five, Six and Ten is denied.

(1:10-CR-00331)

## II. Count Nine Properly Alleges a Title 18 §1001 False Statement Charge

As the government accurately points out, Defendant supports his arguments for "sufficient clarity" and "objective truth" allegations with precedent regarding perjury, which is not the violation charged in Count Nine. (ECF 67 at 240). Under binding Sixth Circuit precedent the requirements for pleading a Title 18 § 1001 false statement charge are different from the requirements for perjury. *United States v. Blandford*, 33 F. 3d 685, 704-05 (6th Cir. 1994).

Count Nine satisfies the *Blandford* standard for a false statement charge. The count: 1) includes the elements of the offense; 2) notifies Defendant of the nature of the allegations, and 3) protects him from double jeopardy. Count Nine identifies the date of the false statement, avers that the statement was made to investigators with the Department of Health and Human Services, that each statement pertained to an activity within the Department's jurisdiction, and that the statement at issue was about the reason he was receiving payments from Defendant Elise Miller. Since Count Nine properly alleges with adequate specificity a violation of §1001 under controlling Sixth Circuit precedent, Defendant's motion to dismiss Count Nine is denied.

## III. A Bill of Particulars Is Not Warranted In This Case

A Bill of Particulars is designed to (1) insure defendant is apprised of the charges so that he can prepare for trial; (2) avoid or minimize unfair surprise at trial; (3) enable the defendant to plead double jeopardy, if applicable. *United States v. Birmley,* 529 F. 2d 103, 108 (6th Cir. 1976). The indictments at issue set forth sufficient detail to meet all of these objectives. Under Sixth Circuit precedent, when the indictments are adequately detailed, the trial court may properly

(1:10-CR-00331)

deny a request for a Bill of Particulars. *Salisbury*, 983 F. 2d at 1375.[1]

Defendant's motion, though styled as a request for a Bill of Particulars, is in fact a request that language be added to each of the counts restricting the government's proof regarding Ireland's knowledge of Defendant Miller's health care fraud. Specifically, the Defendant proposes to restrict the government's showing to the knowledge Ireland acquired at a November 2007 meeting, and to require the government to prove that the information from this meeting was sufficient, in itself, to establish a health care fraud. Since the government is not required to plead the specific source of Ireland's knowledge or that Ireland could prove health care fraud, these limitations would inappropriately limit the government's ability to make its case.

While the government alleges the November meeting as an example of one of the ways in which Ireland became aware of the fraud, contrary to Defendant's argument, the government has no obligation in an indictment to "preview its case or expose its legal theory," nor must it disclose the "precise manner in which the crime charged in the indictment is alleged to have been committed." *United States v. Shoher,* 555 F. Supp. 346, 349 (S.D.N.Y. 1983). *See also United States v. Seelig*, 622 F. 2d 207, 211 (6th Cir. 1980) (holding an indictment is sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charge against him and enables him to plead an acquittal or conviction in bar of future prosecutions). "There is no requirement that the government weave all the information at its command into a warp of

---

[1] Indeed, the adequacy of the indictments is established in Defendant's motion: In footnotes 7 and 8 Ireland outlines evidence he proposes to use to counter the government's case, demonstrating he is sufficiently apprised of the nature of the charges to prepare for trial. ECF 54 at 153.

5

(1:10-CR-00331)

fully integrated trial theory for the benefit of defendants.." *United States v. Boffa*, 513 F. Supp. 444, 485 (D. Del. 1980), *citing United States v. Addongio,* 451 F. 2d 49, 64 (3d Cir. 1972).

As the government correctly points out, "a bill of particulars is ***not*** to be used to obtain evidentiary detail, allow the defendant to preview the government's case, or expose the government's legal theories. *United States v. Largent,* 545 F. 2d 1039, 1043-A (6th Cir. 1976); *United States v. Kahaner,* 203 F. Supp. 78 (S.D.N.Y.) *aff'd.,* 317 F.2d 459 (2nd Cir. 1963)." ECF 67 at 244 (emphasis in original). The Sixth Circuit has specifically stated a Bill of Particulars is not to be used "to discover all the overt acts that might be proven at trial." *Salisbury*, at 1375.

Since the indictment provides explicit information regarding the dates, location and conduct at issue for each violation, the types of knowledge Defendant Ireland had, and his actions and statements, no Bill of Particulars, or restriction of counts, is warranted in this case.

## CONCLUSION

The motions to dismiss Counts Four, Five, Six, Nine and Ten and for a Bill of Particulars are denied. A status conference shall be held in this case **at noon** on **June 12, 2013**, at which time the Court will set a trial date.

IT IS SO ORDERED.

| | |
|---|---|
| May 22, 2013 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |